MERRITT LYON, plaintiff in error *v.* NATHAN BARNEY, defendant in error.

*Error to McLean.*

Where the record shows that a plea was filed and a judgment by default rendered on the same day, the judgment will be reversed. The Court will not presume that the plea was filed after the judgment was rendered.

In an action of assumpsit, it is erroneous to enter up a judgment for debt and damages.

LEVI DAVIS and FERRIS FORMAN, for the plaintiff in error, cited Breese 5, 43.

T. FORD, for the defendant in error.

SMITH, Justice, delivered the opinion of the Court:

This was an action of *assumpsit* on a promissory note. The declaration is in the usual form; plea non-assumpsit. On the same day that the plea was filed, the plaintiff took a judgment by default, and entered up a judgment for debt and damages It is now assigned for error, that this judgment is erroneous,— the taking judgment by default, after plea pleaded; and also, that the form of the judgment, being in debt, is likewise erroneous. It is contended by the defendant in error, that the

(1) Acts of July 1837, 51; Gale's Stat. 194.

judgment being on the same day that the plea was filed, this Court will presume that the judgment was entered antecedently to the filing of the plea. We cannot accede to this presumption. The record, which *is our* only means of ascertaining the facts in the cause, shows the plea to have been entered previous to the rendition of the judgment. In order of time it precedes the judgment on the record, and no presumption can be raised to contradict the record. The form of the judgment is also erroneous; it should have been for the sum due as damages, and not for debt and damages.

The judgment of the Circuit Court is reversed, with costs, the cause remanded with instructions to proceed in the cause.

*Judgment reversed.*